IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BEDNARSKI, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 CV 02519 |
| ) | |
| POTESTIVO & ASSOCIATES, P.C. and ) | |
| CALEB J. HALBERG, ) | Judge Joan H. Lefkow |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

John Bednarski, Jr., filed suit against Potestivo & Associates, P.C., and Caleb J. Halberg, alleging they violated multiple sections of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* (Dkt. 4 ¶¶ 13–14.) Potestivo and Halberg move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 12.) For the reasons stated below, the motion to dismiss is granted in part and denied in part.

**BACKGROUND**[1]

Between 1993 and 1995, Bednarski received four student loans from the Illinois Student

---

[1] The facts described herein are taken from the Amended Complaint and its supporting exhibits and are accepted as true for the purposes of this motion. *See Thompson* v. *Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002) (citation omitted); Fed. R. Civ. P. 10(c). The court will also consider the additional factual allegations in Bednarski's response to this motion. The defendants argue that the court should not consider these facts because they were not included in the complaint, but this is incorrect. *See United States ex rel. Hanna* v. *City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (quoting *Early* v. *Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("The party defending the adequacy of a complaint may point to facts in a brief or affidavit 'in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment.'")).

Assistance Commission. (Dkt. 15 at 1–2.) As of early 2015, the outstanding debt totaled $22,824.43. (Dkt. 4 ¶ 7.) On March 10, 2015, Halberg, an attorney employed by Potestivo, drafted a collection letter regarding this debt, representing that he was writing on behalf of the United States Department of Justice. (*Id.* ¶ 9, Ex. A.) Halberg signed the letter under the typed name of the United States Attorney for the Northern District of Illinois, as "Attorney for the United States." This letter was mailed to Bednarski's father's home address rather than to the address listed on Bednarski's student loan applications. (*Id.* ¶ 10; Dkt. 15 at 1.) Because Bednarski's father was deceased, the letter was received and opened by Bednarski's sister, who contacted Bednarski to inform him he "was being sued by the government." (Dkt. 15 at 2.) Bednarski alleges the letter itself "is extremely confusing" and falsely represents both that Halberg is an attorney for the United States and that a lawsuit had been filed against Bednarski regarding the debt. (Dkt. 4 ¶¶ 11-12.)

On March 2, 2016, Bednarski filed an Amended Complaint, which is the subject of this motion to dismiss. The Amended Complaint names both Potestivo and Halberg as defendants and claims they violated the FDCPA, sections 1692b(2); 1692c(b); 1692d; 1692e(1), (2), (5), (9), and (10); and 1692f. (*Id.* ¶¶ 13-14.)

Potestivo and Halberg now move to dismiss Bednarski's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) arguing (a) they are entitled to qualified immunity under *Yearsley* v. *W.A. Ross Constr. Co.*, 309 U.S. 18, 20, 60 S. Ct. 413, 84 L. Ed. 554 (1940), and therefore the court lacks subject-matter jurisdiction; (b) the Amended Complaint fails to state a claim against Halberg in his individual capacity; and (c) the Amended Complaint fails to state a claim against Potestivo. (Dkt. 12.)

# ANALYSIS

## I. Subject-Matter Jurisdiction

"In considering a motion to dismiss for lack of subject matter jurisdiction, the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Exp., Inc.* v. *Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

The FDCPA, at 15 U.S.C. § 1692k(d), grants to the district courts subject matter jurisdiction to enforce any liability created by violations of the Act. Yet, Potestivo and Halberg argue the court lacks the power to hear this case because, as a government contractor, they are entitled to qualified immunity under *Yearsley*. (Dkt. 12 at 3.) *Yearsley* held that a construction contractor working for the United States government could not be held "liable for his conduct causing injury to another," unless either "he exceeded his authority or that [authority] was not validly conferred." 309 U.S. at 21. *Yearsley* teaches that, where the sovereign has agreed to accept responsibility for the actions of a contractor that has acted within the scope of its authority, the proper defendant is the United States and the proper court is the Court of Claims. *Compare Tillett* v. *J.I. Case Co.*, 756 F.2d 591 (7th Cir. 1985) (where government contractor established, *inter alia*, that it supplied equipment in conformity with government specifications, government contractor defense applied, but because the government had not waived sovereign immunity, the plaintiff could not recover for her loss). Thus, only if the government has immunized its contractors from liability for violations of the FDCPA would *Yearsley* have any bearing here.

In any event, the district court does not lack subject matter jurisdiction to determine whether the government contractor defense applies. *See Ackerson* v. *Bean Dredging, LLC*, 589

F.3d 196, 207 (5th Cir. 2009) ("*Yearsley* does not … address the court's power to hear a case."); *Adkisson* v. *Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 649 (6th Cir. 2015) (remanding for trial court to determine under Rule 12(b)(6) whether, based on the pleadings, the defendant was eligible for qualified immunity under the *Yearsley* doctrine).

Moreover, it is highly unusual to dismiss a complaint based on an affirmative defense "since a complaint need not anticipate and overcome affirmative defenses." *Cancer Found., Inc.* v. *Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). "[O]nly where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense" is dismissal appropriate. *Chi. Bldg. Design, P.C.* v. *Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) (quotation marks omitted). Because this complaint does not plead facts that establish the government contractor defense, dismissal based on *Yearsley* is inappropriate.

Furthermore, defendants identify no case in which a debt collector working for the government has been found immune from liability under *Yearsley*. This is likely because, as the Secretary of Education has stated, "third party collectors of defaulted student loans . . . [are] subject to the Fair Debt Collection Practices Act." 55 Fed. Reg. 40120 (1990). Additionally, defendants ignore the fact that the FDCPA explicitly defines those excluded from the definition of "debt collector" and not subject to the Act and that list does not include debt collectors working on a government contract. *See* 15 U.S.C. § 1692a(6)(C) ("The term [debt collector] does not include . . . any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties.") "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs* v. *Winn*, 542 U.S. 88, 101, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004). Had it wished to do so, Congress could have extended this

exemption to include agents or contractors as well as officers and employees of the United States. Instead, Congress limited immunity to only officers or employees.[2]

Accordingly, defendants' motion to dismiss based on qualified immunity under *Yearsley* must be denied.

## II. Failure to State a Claim

The alleged violations of FDCPA are treated separately according to the well-established principles to be applied to assessing a motion to dismiss under Rule 12(b)(6). *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

### A. Defendant Halberg

Halberg moves to dismiss the claims against him on the ground that he is not a debt collector in his individual capacity. Bednarski's Amended Complaint explicitly states that Halberg "is a 'debt collector' as that term is defined by 15 U.S.C. § 1692a(6)" (dkt. 4 ¶ 6), but this conclusional statement is not supported by the rest of the factual allegations in the Amended Complaint. *See Iqbal*, 566 U.S. at 678 (holding that mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" are not sufficient to create facial plausibility). Instead, Bednarski repeatedly alleges that Halberg is an employee of Potestivo acting on the business's behalf. (*See id.* ¶¶ 9, 16-19.) Under the FDCPA "individuals do not become 'debt collectors' simply by working for . . . debt collection companies." *Pettit* v. *Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000). Where an

---

[2] The defendants have not argued that they should be considered officers or employees of the United States under § 1692a(6)(C). Had they done so, however, the court would agree with the logic espoused by a number of circuits, which have held such contractors are neither officers nor employees of the United States or any State. *See, e.g.*, *Gillie* v. *Law Office of Eric A. Jones, LLC*, 785 F.3d 1091 (6th Cir. 2015); *Brannan* v. *United Student Aid Funds, Inc.*, 94 F.3d 1260 (9th Cir. 1996); *Rosario* v. *Am. Corrective Counseling Servs.*, 506 F.3d 1039 (11th Cir. 2007).

employee is acting on behalf of his employer, the FDCPA "does not contemplate personal liability . . . except perhaps in limited instances where the corporate veil is pierced." *Id.* Rather, "the FDCPA has utilized the principle of vicarious liablity . . . [wherein] the debt collection company answers for its employees' violations of the statute." *Id.* Therefore, because Bednarski alleges in his Amended Complaint that Halberg is an employee of Potestivo, he has pleaded himself out of court, and his claims against Halberg must be dismissed.

### B. Defendant Potestivo

#### 1. §§ 1692b, 1692d, and 1692f

Bednarski fails to provide any factual allegations in support of his claims that Potestivo violated §§ 1692b, 1692d, and 1692f. Therefore, they must be dismissed.

#### 2. § 1692c

Section 1692c(b) prohibits certain communications by a debt collector with third parties. Bednarski alleges that Potestivo sent a letter regarding the debt to his father (whose name was also John Bednarski) at the father's home address rather than to Bednarski's home address, which letter was received and read by his sister, who understood the letter to be describing a debt owed by Bednarski. These allegations are sufficient to put Potestivo on notice of the basis of Bednarski's claim, and "give enough details about the subject-matter [*sic*] of the case to present a story that holds together." *Swanson*, 614 F.3d at 404. Potestivo's arguments to the contrary point to denials or defenses it might raise, such as lack of intent, but factual disputes are for another day. As such, Bednarski has alleged sufficient facts to state a claim under § 1692c(b).

#### 3. Violation of § 1692e

Section 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.

6

§ 1692e. Whether a debt collection letter is false, deceptive, or misleading under § 1692e is a question of fact. *Evory* v. *RJM Acquisitions Funding LLC*, 505 F.3d 769, 776 (7th Cir. 2007). Where a plaintiff's complaint includes well-pleaded allegations that a collection letter is deceptive or confusing, that will usually be sufficient to avoid dismissal under Rule 12(b)(6). See *McMillan* v. *Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("Because confusion is a fact-based question, dismissal is typically not available under 12(b)(6)."). Where, however, a plaintiff's allegation that a letter is deceptive or misleading rests on the text of the letter, with no additional factual allegations to offer, then, if "no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision," the court may dismiss the complaint. *McMillan* v. *Collection Professionals, Inc.*, 455 F.3d 754, 760 (7th Cir. 2006). But the court "must act with great restraint when asked to rule in this context on a motion to dismiss." *Id.*

Bednarski first alleges that the collection letter is "extremely confusing," apparently because the signature block indicates that Halberg is an "Attorney for the United States." This appears to be a claim that the letter violates one of three subsections: § 1692e(1), which prohibits false representations regarding affiliation with the United States; § 1692e(9), which prohibits the use of a written communication that falsely represents that it is authorized, issued, or approved by the United States; or § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."[3] Bednarski does not base these claims on any evidence beyond the text of the letter; therefore, the court must determine whether no reasonable person could find the letter deceptive or misleading with regard to Potestivo's

---

[3] All of Bednarski's allegations under § 1692e could fairly be considered claims under § 1692e(10). Thus, where the court finds Bednarski adequately alleges Potestivo falsely misrepresented information or used deceptive means under another subsection of § 1692e, it likewise finds that he also sufficiently states a claim for relief under § 1692e(10).

7

relationship to or affiliation with the United States government.

Potestivo points to *Sheriff* v. *Gillie*, 578 U.S. __, 136 S. Ct. 1594, 194 L. Ed. 2d 625 (2016), to argue that the letter is not deceptive or misleading because the signature block accurately conveys the relationship between Potestivo and the United States. In *Sheriff*, a debt collector under contract with the Ohio attorney general's office sent collection letters to debtors on the attorney general's letterhead. The Court held that this practice was not deceptive or misleading because the letter "[a]s a whole, . . . alerts the debtor to both the basis for the payment obligation and the official responsible for enforcement of debts owed to the State, while the signature block conveys who [*sic*] the Attorney General has engaged to collect the debt." *Id.* at 1601. The letter here is analogous.

The letter is on Potestivo's firm letterhead and states in the first sentence that the firm represents the United States Department of Justice. The signature block merely indicates "on whose authority [Potestivo] writes to the debtor," showing it was sent on behalf of the United States Attorney by an attorney designated to handle the matter. Bednarski does not allege facts suggesting that Potestivo did not have authority to collect this debt on behalf of the government. Thus, when the letter is taken as a whole, no reasonable person could find it deceptive or misleading as to Potestivo's relationship to, affiliation with, or authorization by the United States government. Based on the facts alleged, Bednarski does not state a claim for relief under §§ 1692e(1) or 1692e(9).

Bednarski next alleges that the letter falsely represents that a law suit had been filed against him, which appears to be a claim that the letter violates § 1692e(2)(A)'s prohibition against a debt collector's misrepresenting the legal status of a debt. Bednarski relies both on the text, which includes a subject line suggestive of a case caption (United States v. Bednarski), and

8

the additional fact that a third party, his sister, was confused enough by the letter to call him to allege the average "unsophisticated consumer" would be similarly misled by the letter. Taken together, these allegations and inferences "show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." *United States ex rel. Hanna* v. *City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (quoting *Early* v. *Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). Thus, Bednarski has stated a claim under § 1692e(2)(A) sufficient to defeat a motion to dismiss.

Finally, Bednarski alleges that the letter threatens to take actions that Potestivo did not intend to take or was not legally authorized to take, which is prohibited by § 1692e(5). If Potestivo was not authorized to take further action to collect on the debt, then statements indicating an intention to do so would be false. Whether such authorization existed and, therefore, whether any statements in the collection letter are false, is a question of fact that the court cannot decide at the motion to dismiss stage. Bednarski has stated a claim under § 1692(e)(5).

## CONCLUSION

For the reasons stated above, the court orders the following:

Defendants' motion to dismiss (dkt. 12) is granted in part and denied in part as follows: The motion to dismiss (1) for lack of subject-matter jurisdiction is denied; (2) for failure to state a claim for violations of 15 U.S.C. §§ 1692c(b), 1692e(2), 1692e(5), and 1692e(10) is denied; (3) for failure to state a claim for violations of 15 U.S.C. §§ 1692b, 1692d, 1692e(1), 1692e(9), and 1692f is granted without prejudice to repleading on or before March 21; and (4) for failure to state a claim against Caleb J. Halberg is granted with prejudice.

Date: March 7, 2017

_____

U.S. District Judge Joan H. Lefkow