# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN BEDNARSKI, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 CV 02519 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| POTESTIVO & ASSOCIATES, P.C., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

John Bednarski's second amended complaint against Potestivo & Associates, P.C., alleges that a collection letter sent by the defendant violated multiple sections of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. Defendant moves to dismiss the portions of the second amended complaint alleging violations of 15 U.S.C. §§ 1692e(1) and 1692e(9) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 25.) For the reasons stated below, defendant's motion is granted with prejudice. See Statement.[1]

## STATEMENT

### I. Background

The court described the factual background in its Opinion and Order of March 7, 2017, (Order) (dkt. 21) and will not repeat it here. The portion of Bednarski's first amended complaint alleging violations of 15 U.S.C. §§ 1692e(1) and 1692e(9) was dismissed in this court's Order with leave to replead if Bednarski could provide sufficient additional factual support. (*See* Dkt. 21 at 9.) Bednarski filed a second amended complaint on March 21, 2017, alleging violations of 15 U.S.C. §§ 1692(c), 1692e, 1692e(1), 1692e(2), 1692e(5), 1692e(9), and 1692e(10) and

---

[1] The court has jurisdiction under 28 U.S.C. § 1331, and venue is appropriate under 28 U.S.C. § 1391(b).

1

attaching the same supporting documentation from his original pleadings. (Dkt. 24.) Potestivo now moves to dismiss portions of Bednarski's second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 25.)

## II.    Analysis[2]

In his second amended complaint, Bednarski re-alleges that the collection letter sent by Potestivo to Bednarski misleadingly represents Caleb Halberg, an employee of Potestivo, as an attorney for the United States. He repeats his claim that the collection letter is "extremely confusing," and violates 15 U.S.C. §§ 1692e(1) and 1692e(9), because the signature block indicates that Halberg is an "Attorney for the United States." (Dkt. 24 ¶ 29.) To this allegation, Bednarski adds that the letter is confusing because it "purports to be sent by United States Attorney Zachary T. Fardon." (*Id.*) In support of this claim, Bednarski attaches the exhibit included in his initial pleadings (dkt. 15-1), indicating that Halberg has been employed by Potestivo since 2012. (Dkt. 24-6.) Potestivo argues that this claim should be dismissed with prejudice since it is unchanged from Bednarski's first amended complaint and Bednarski provides no new evidentiary support. (Dkt. 25 at 30.) In his response to Potestivo's motion, Bednarski's counsel states that he has submitted a Freedom of Information Act (FOIA) request to

---

[2] The court applies the well-established legal principles for assessing a motion to dismiss under Rule 12(b)(6). *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; also, factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

determine whether Potestivo exceeded its authority to collect this debt on behalf of the government when it sent the collection letter.[3] (Dkt. 29 ¶ 2.)

Bednarski's claim that the letter is confusing and makes false representations is based on the text of the letter, as in his first amended complaint, since he has added no new evidentiary support. As the court held in its previous Order, without factual allegations to suggest that Potestivo did not have the authority to collect Bednarski's debt on behalf of the government, no reasonable person could find the letter, when taken as a whole, deceptive or misleading with regard to Potestivo's relationship to, affiliation with, or authorization by the United States government. (Dkt. 21 at 8.) Rather, the signature block at issue merely indicates "on whose authority [Potestivo] writes to the debtor." *Sheriff* v. *Gillie*, 578 U.S. ---, 136 S. Ct. 1594, 1601, 194 L. Ed. 2d 625 (2016). Thus, as a matter of law, the text of the letter does not violate §§ 1692e(1) or 1692e(9).

The court cannot draw a reasonable inference from Bednarski's unfulfilled FOIA request. Bednarski has not alleged in his pleadings that Potestivo did not have authorization to collect student loan debts on behalf of the United States government.[4] Nor has Bednarski pleaded any facts regarding the relationship between Potestivo and the United States Department of Education, other than to acknowledge in his response that one exists. (Dkt. 29 ¶ 2.) Absent such factual allegations, Bednarski has not shown that there is a "state of facts within the scope of the complaint that if proved . . . would entitle him to judgment." *Hanna*, 834 F.3d at 779.

---

[3] The court will also consider the additional factual allegations in Bednarski's response to Potestivo's motion to dismiss. *See United States ex rel. Hanna* v. *City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (quoting *Early* v. *Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992)) ("The party defending the adequacy of a complaint may point to facts in a brief or affidavit 'in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment.'")

[4] Bednarski's FOIA request seeks details regarding the details of and any limitations on Potestivo's authorization, but appears to be premised on the understanding that such authorization did exist.

### III. Conclusion

For the foregoing reasons, Potestivo's motion to dismiss the part of the second amended complaint alleging violations of §§ 1692e(1) and 1692e(9) for failure to state a claim is granted with prejudice.

Date: August 18, 2017

_____

U.S. District Judge Joan H. Lefkow